# IN THE COURT OF APPEALS OF IOWA

No. 17-0027
Filed February 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRAVIS C. NIERLING,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clayton County, Stephanie C. Rattenborg, District Associate Judge.

Travis Nierling appeals his conviction for operating a motor vehicle while intoxicated. **AFFIRMED.**

Jeremy L. Thompson of Putnam Fern & Thompson Law Office, P.L.L.C., Decorah, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

Travis Nierling appeals his conviction for operating a motor vehicle while intoxicated. His primary contention is that the officer who stopped him lacked reasonable suspicion to make the stop.

## I.    *Background Facts and Proceedings*

A woman called 911 and told the dispatcher she wished to report "drunk driving" by someone at a pizza shop. She identified the make, color, and license plate number of the car, told the dispatcher the person was "getting in the car now to leave," continued her observation, then advised "[H]e's leaving now." The person identified herself and gave the dispatcher her address and phone number.

While the known tipster was still on the line, the 911 dispatcher called law enforcement to advise of a possible drunk driver. A uniformed, holstered deputy sheriff in a marked vehicle fell in behind the car. In a few minutes, the car pulled into a private driveway, and the deputy pulled in behind it. Travis Nierling got out of the car. The deputy observed signs of intoxication and took Nierling into custody.

The State charged Nierling with operating a motor vehicle while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2016). Nierling moved to suppress the evidence on the ground that "the anonymous tip provided to Clayton County Sheriff Department did not have the requisite indicia of reliability to justify an investigatory stop." He raised the issue under the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. Following an evidentiary hearing, the district court denied the motion. Nierling

agreed to a bench trial on the minutes of evidence. The district court found him guilty as charged and imposed sentence. This appeal followed.

## II.    Suppression Ruling

"Stopping an automobile and detaining its occupants constitutes a seizure under the Fourth Amendment." *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013)." "The Fourth Amendment permits brief investigative stops . . . when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)).

At the suppression hearing, Nierling argued the informant's tip did not afford the deputy sheriff reasonable suspicion to stop him. The State countered that there was no seizure under the Fourth Amendment. *See State v. Harlan*, 301 N.W.2d 717, 720 (Iowa 1981) (finding no evidence the officer stopped the car); *see also State v. Wilkes*, 756 N.W.2d 838, 844 (Iowa 2008) (concluding no seizure occurred). The district court adopted the State's argument. Although the court did not expressly rule on the reliability of the informant's tip, the State concedes error was preserved on the issue by virtue of Nierling's motion to suppress and the district court's denial of the motion. *See Harlan*, 301 N.W.2d at 719 ("The adverse ruling at the suppression hearing preserved any alleged error for our review.").

On appeal, Nierling reiterates the drunk-driving tip fell "well short of the requisite indicia of reliability needed to conduct an investigatory stop." The State preliminarily responds with a "no seizure" argument but asserts, if there was a seizure, "the deputy had reasonable suspicion because the tip was not anonymous."

We assume without deciding the deputy "seized" Nierling. We proceed to the question of the informant's reliability. *Id.* at 720 (stating we may "uphold the conclusion of the trial court, even if we do not adopt its reasoning"). Our review of this constitutional issue is de novo. *See Wilkes*, 756 N.W.2d at 841.

Nierling incorrectly characterizes the tip as anonymous. As noted, the informant identified herself by name and provided her phone number and address. She was not an anonymous tipster, and the identification alone was an indicator of reliability. *Cf. Alabama v. White*, 496 U.S. 325, 329 (1990) (noting veracity of anonymous tips is "largely unknown, and unknowable").

The tipster also "claimed eyewitness knowledge of the alleged dangerous driving." *Navarette*, 134 S. Ct. at 1689. She gave the dispatcher a detailed description of the car Nierling was driving, including the license plate number, and observed Nierling as he got into his car and left. *Id.* (stating a "contemporaneous report has long been treated as especially reliable"). While Nierling asserts the dispatcher did not convey all those details to the deputy, our precedent allows the dispatcher's knowledge to be imputed to the deputy. *See State v. Owens*, 418 N.W.2d 340, 342 (Iowa 1988) ("[W]hen police officers are acting in concert, the knowledge of one is presumed shared by all."). Notably, the deputy saw the car precisely where the tipster said it would be and pulled in behind it, providing further corroboration of the tipster's report.

On our de novo review, we conclude the tipster's information was reliable. We further conclude the information provided by the tipster furnished reasonable suspicion that "criminal activity [was] afoot." *See Navarette*, 134 S. Ct. at 1690

(quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).[1] We affirm the district court's denial of Nierling's suppression motion, and we affirm his conviction for operating while intoxicated.[2]

**AFFIRMED.**

---

[1] We reach the same conclusion under the Iowa Constitution.
[2] Nierling failed to preserve error on his additional challenge to the deputy's entry onto a private driveway.